IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| SEVEN FALLS, LLC ) | Case No. 09-11182 |
| ) | |
| Debtor. ) | |
| ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## TO FILE NOTICE OF APPEAL IN PRE-PETITION LITIGATION

COMES NOW, Debtor Seven Falls, LLC ("Seven Falls"), pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rules 4001 and 9014, and moves the Court for its Order modifying the automatic stay to permit Seven Falls to file a Notice of Appeal in the Superior Court of Iredell County, North Carolina, but for the stay to remain in effect with respect to the continuation of the appeal pending further order of this Court. In support of this Motion, Seven Falls respectfully shows unto the Court as follows:

## BACKGROUND

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

2. Seven Falls is a limited liability company organized and existing under the laws of North Carolina with a principal place of business in Henderson County, North Carolina.

3. On or about February 10, 2009, Kencom, Inc. commenced an action in the Superior Court of Iredell County, North Carolina against Seven Falls, which action is captioned *Kencom, Inc. v. Seven Falls, LLC and Seven Falls Golf & River, LLC,* Civil Action No. 09-CvS-421 (the "State Court Action"). In the State Court Action, Kencom, Inc. seeks relief from Seven Falls and Seven Falls Golf & River, LLC arising out of claims of breach of contract, fraud and

misrepresentation, and unfair and deceptive trade practices. A true and accurate copy of the Complaint in the State Court Action is incorporated herein by reference as if fully set forth, and is attached hereto as **Exhibit A**.

4. On or about March 23, 2009, Kencom, Inc. filed a Motion for Entry of Default against Seven Falls in the State Court Action.

5. On or about March 24, 2009, Kencom, Inc. filed a Motion for Entry of Default Judgment against Seven Falls in the State Court Action.

6. On or about March 26, 2009, Entry of Default was entered against Seven Falls.

7. On or about June 11, 2009, the Clerk of Court entered Default Judgment in the State Court Action against Seven Falls despite the fact that the Kencom, Inc.'s claim was not for a sum certain as contemplated and required by Rule 55(b)(1).

8. On or about June 12, 2009, after Default Judgment was entered against Seven Falls, Kencom, Inc. served its Motion for Entry of Default, Motion for Default Judgment, and Entry of Default Judgment on Seven Falls in the State Court Action.

9. Because Kencom, Inc. failed to serve its Motion for Entry of Default on Seven Falls as required by Rule 5 of the North Carolina Rules of Civil Procedure, and because the Clerk of Court in the State Court Action was not authorized to enter the Default Judgment since it was not for a sum certain, Seven Falls filed a Motion to Set Aside Default Judgment and Entry of Default in the State Court Action on or about June 30, 2009.

10. On or about October 5, 2009, the court in the State Court Action entered an Order denying Seven Falls' Motion to Set Aside Default Judgment and Entry of Default.

11. Thereafter, but before the expiration of the period for filing a Notice of Appeal in the State Court Action, this case was commenced on October 26, 2009 (the "Petition Date") by

the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code by Seven Falls.

**RELIEF FROM STAY
TO FILE NOTICE OF APPEAL IN PRE-PETITION LITIGATION**

12. The first issue presented by this Motion is whether Seven Falls should be granted relief from the automatic stay to file a Notice of Appeal in the State Court Action. This relief is sought pursuant to section 11 U.S.C. § 362(d)(1) which authorizes the Court to grant relief from the automatic stay:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest….

11 U.S.C. § 362(d)(1).

13. Seven Falls files this Motion for Relief from the Automatic Stay out of an abundance of caution, as the Fourth Circuit has not clarified whether 11 U.S.C. § 108(c) applies to Debtor's obligation to file a Notice of Appeal, and, further, whether relief from stay even is necessary for a debtor-in-possession to file a Notice of Appeal in pre-petition litigation in which the Debtor is a defendant. The other circuit courts that have addressed these issues are not in agreement.

14. At least one circuit court has held that the debtor-in-possession's prosecution of an appeal does not require the authorization of the bankruptcy court through relief from the automatic stay. Autoskill, Inc. v. Nat'l Educational Support Systems, Inc., 994 F.2d 1476, 1485-87 (10th Cir. 1993). In Autoskill, the Tenth Circuit held that the plain language of Rule 6009 of the Bankruptcy Rules authorizes the prosecution of an appeal by the debtor-in-possession

without regard to the automatic stay because, "[w]ith or without court approval," the debtor-in-possession may "enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate." Fed. R. Bankr. P. 6009. According to the Tenth Circuit, to "commence" an appeal is a "proceeding in behalf of the estate." Autoskill, 994 F.2d at 1486 (quoting 8 Collier on Bankruptcy ¶ 6009.03 & n. 7, at 6009-3 (15th ed. 1992)).

15.     The Eighth Circuit, on the other hand, has held that an appeal by a debtor-in-possession in a non-bankruptcy case in which the debtor is the defendant is a "'continuation' of a 'proceeding against the debtor,'" as contemplated by 11 U.S.C. § 362(a)(1), which requires the stay of any judicial proceedings commenced against the debtor pre-petition. Bunch v. Hoffinger Industries, Inc., 329 F.3d 948, 952 (8th Cir. 2003).

16.     The Fourth Circuit has not addressed yet whether relief from stay is required to prosecute an appeal in pre-petition litigation. Because it is not clear whether relief from stay is necessary in this case in order to protect its right to file a Notice of Appeal, Seven Falls files this Motion for Relief from Stay out of an abundance of caution. Through this Motion, Seven Falls is requesting relief from the automatic stay to the extent necessary, if any, to file its Notice of Appeal, but to continue the stay in effect with respect to the prosecution of that appeal pending further order of the Court.

**TIMELINESS OF THE NOTICE OF APPEAL
IN THE STATE COURT ACTION**

17.     The second issue presented by this Motion is the extent to which the Bankruptcy Code grants Seven Falls an extension of time to file its Notice of Appeal in the State Court Action beyond the time prescribed by Rule 3(c) of the North Carolina Rules of Appellate Procedure.

18. Rule 3(c) of the North Carolina Rules of Appellate Procedure requires that a party file and serve a notice of appeal within 30 days after entry of judgment in a civil action in state court. N.C. R. App. P. 3(c).

19. The circuit courts have made it clear that 11 U.S.C. § 108 authorizes an extension of time to file a notice of appeal beyond the 30 days granted by Rule 3(c), but the courts are not as clear as to which provision of Section 108 governs the extension of time to file a notice of appeal in pre-petition litigation. Out of an abundance of caution, Seven Falls files this Motion for Relief from Stay so that it may file its Notice of Appeal in the State Court Action in a timely fashion under any of the interpretations afforded by the circuit courts.

20. According to the Second, Tenth, Eleventh, and Federal Circuits, Section 108(b) of the Bankruptcy Code grants a debtor-in-possession the extension of time to file a notice of appeal in pre-bankruptcy petition litigation. Local Union No. 38 v. Custom Air Systems, Inc., 333 F.3d 345 (2nd Cir. 2003); Autoskill, Inc. v. Nat'l Educational Support Systems, Inc., 994 F.2d 1476, (10th Cir. 1993); Roberts v. Commissioner of Internal Revenue, 175 F.3d 889 (11th Cir. 1999); Halmar Robicon Group, Inc. v. Toshiba Int'l Corp., 127 Fed. Appx. 501, 2005 WL 681968 (C.A. Fed. 2005). Section 108(b) provides:

> [I]f applicable nonbankruptcy law…fixes a period within which the debtor…may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the [bankruptcy] petition, the trustee may only file, cure, or perform, as the case may be, before the later of –
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2) 60 days after the order for relief.

11 U.S.C. § 108(b). These courts have held that this statutory language encompasses the 30-day time period such as the one set forth in Rule 3(c) to file a notice of appeal because it is a

"'period' established under 'applicable nonbankruptcy law,'" and the statute's reference to the "fil[ing] of "any pleading, demand, [or] notice…," includes the notice of appeal. Local Union, 333 F.3d at 347 (citing Autoskill, 994 F.2d at 1484); Roberts, 175 F.3d at 898 (citing Autoskill, 994 F.2d at 1484); Autoskill, 994 F.2d at 1484. Therefore, according to the Second, Tenth, Eleventh, and Federal Circuits, Seven Falls may file its Notice of Appeal in the State Court Action up to 60 days after the petition was filed as long as the 30-day time period of Rule 3(c) had not expired when the bankruptcy petition was filed. Since the Petition was filed before the Rule 3(c) 30-day time period expired, Seven Falls has up to sixty days after the Petition Date to file its Notice of Appeal in the State Court Action under 11 U.S.C. § 108(b).

21.     The Eighth Circuit, on the other hand, differed from the other circuit courts that have addressed this issue by holding that 11 U.S.C. § 108(c) governs the extension of time to file a notice of appeal by a debtor-in-possession in pre-petition litigation. Bunch v. Hoffinger Industries, Inc., 329 F.3d 948, 952 (8th Cir. 2003). According to the Eighth Circuit, § 108(c) is applicable because an appeal by a debtor-in-possession is a "'continuation' of a 'proceeding against the debtor.'" Id. (quoting Farley v. Henson, 2 F.3d 273, 275 (8th Cir. 1993). Section 108(c) provides:

> [I]f applicable nonbankruptcy law…fixes a period for….continuing a civil action in a court other than a bankruptcy court on a claim against the debtor…and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of –
>
> (1) the end of such period…., or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362.

11 U.S.C. § 108(c). The Eighth Circuit quotes the following passage from Collier's in support of its holding that § 108(c) applies:

> [W]hen the debtor has a deadline for filing an appeal prior to bankruptcy, if the action was originally brought against the debtor, the trustee [or debtor-in-possession] need not meet the 60 day limit of section 108(b) since the action would have been stayed by section 362. There is no need to file pleadings or other briefs in a proceeding which has been stayed; section 108(c) will be applicable if the stay terminates.

Bunch, 329 F.3d at 952 (quoting 2 Collier on Bankruptcy ¶ 108.03[2], at 108-10 (15th ed. Rev. 2003)). Therefore, under the Eighth Circuit's holding, Seven Falls may file its Notice of Appeal in the State Court Action anytime before 30 days after notice of termination or expiration of the stay under Section 362.

22. The Fourth Circuit has not addressed yet whether § 108 (b) or § 108 (c) of the Bankruptcy Code extends the time of filing a Notice of Appeal in pre-petition litigation. Therefore, Seven Falls is filing this Motion for Relief from Stay so that it may file its Notice of Appeal in the State Court Action in a timely fashion under either Sections 108(b) or 108(c) of the Bankruptcy Code. Should this Court find that a relief from stay is necessary where a debtor-in-possession seeks to file a Notice of Appeal in pre-petition litigation, Seven Falls requests that such relief be granted.

23. Seven Falls further requests that this Court keep the stay in place regarding advancement of the appeal or further deadlines in connection with the appeal, such as filing the record on appeal or briefing, pending further order of the court, and that the Court modify the stay to permit Seven Falls to take whatever action is necessary in the North Carolina Court of Appeals or lower state courts to effectuate the continuing stay of the appeal.

WHEREFORE, Seven Falls respectfully requests that the Court:

1. Modify the automatic stay to the extent necessary to allow Seven Falls to file a Notice of Appeal in the State Court Action;

2. Provide that the stay shall remain in effect with respect to the continuation of the appeal, pending further order of the Court;

3. Allow Seven Falls to take whatever steps are necessary with the state courts to effectuate the continuing stay;

4. Provide that the relief granted is effective immediately, notwithstanding Bankruptcy Rule 4001(a)(3); and

5. Grant Seven Falls such other and further relief as the Court deems just and proper.

Respectfully submitted this the 25th day of November, 2009.

/s/ Benjamin A. Kahn
Christine L. Myatt
N.C. State Bar No. 10444
Benjamin A. Kahn
N.C. State Bar No. 20004
Elizabeth M. Brantley
N.C. State Bar No. 38044
Attorneys for Debtor

OF COUNSEL:

NEXSEN PRUET PLLC
701 Green Valley Rd., Suite 100
Post Office Box 3463
Greensboro, NC  27402
Telephone:  (336) 373-1600
bkahn@nexsenpruet.com

NPGBO1:1157307.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| In Re: | ) | |
|---|---|---|
| | ) | |
| SEVEN FALLS, LLC | ) | Case No. 09-11182 C-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO FILE NOTICE OF APPEAL IN PRE-PETITION LITIGATION** was served by first class mail, postage prepaid, or otherwise addressed as follows:

| | |
|---|---|
| U.S. Bankruptcy Administrator<br>402 West Trade Street, Suite #200<br>Charlotte, North Carolina 28202 | National Bank of South Carolina<br>c/o Albert Sneed, Jr.<br>The Van Winkle Law Firm<br>11 North Market Street<br>Asheville, NC 28801 |
| Elizabeth Bustamante<br>Sherry Sims<br>3204 Upper Wynnewood Place<br>Oak Hill, VA 20171 | Clark & Co.<br>P.O. Box 1547<br>Franklin, NC 28744 |
| Ed Holmes & Associates<br>P.O. Box 17335<br>Asheville, NC 28816 | Eddie S. Gillespie<br>J. Roger Petit<br>P.O. Box 1104<br>Mount Pleasant, SC 29465 |
| Steve and Linda Goldstein<br>19629 Island Court<br>Boca Raton, FL 33234 | Hendersonville Tax Collector<br>c/o Terry F. Lyda<br>200 North Grove Street, Suite 66<br>Hendersonville, NC 28792 |
| John and Kim Kraft<br>6863 Rapid Run Rd.<br>Cincinnati, OH 45233 | Mill Creek Post & Beam Co.<br>1970 Holbert Cove Road<br>Saluda, NC 28773 |

| | |
|---|---|
| Smith Turf & Irrigation<br>P.O. Box 669388<br>Charlotte, NC 28266-9388 | SunTrust Leasing Corp.<br>Attn: Doug Furman<br>P.O. Box 79194<br>Baltimore, MD 21279-0194 |
| T & K Utilities<br>204 Charlotte Hwy, Suite G<br>Asheville, NC 28803 | Taylor & Murphy Construction Co., Inc.<br>P.O. Box 6215<br>Asheville, NC 28816 |
| Jonathan and Paula Caldwell<br>123 Calle Del Pacifico<br>San Clemente, CA 92672 | Windsor Aughtry<br>P.O. Box 16449<br>Greenville, SC 29606 |
| Pam Banks<br>c/o The Dungan Law Firm, P.A.<br>1 Rankin Ave., Third Floor<br>Asheville, NC 28801 | Richard N. Roberts<br>104 Skybrook Drive<br>Holly Springs, NC 27540 |
| Stephen R. and Judy W. Walker<br>6 Sandy Point Road<br>Savannah, GA 31404 | Lightening Bug Group, LLC<br>32 Orange Street<br>Asheville, NC 28801 |
| Links Magazine<br>P.O. Box 7628<br>Hilton Head Island, SC 29938 | |

This the 25th day of November, 2009.

/s/ Benjamin A. Kahn
Benjamin A. Kahn
N.C. State Bar No. 20004
Attorney for Debtor

OF COUNSEL:

NEXSEN PRUET PLLC
701 Green Valley Rd., Suite 100
Post Office Box 3463
Greensboro, NC  27402
Telephone:  (336) 373-1600
bkahn@nexsenpruet.com

NPGBO1:1157307.1