IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| SEVEN FALLS, LLC, *et. al* | ) | Case No. 09-11182 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

**MOTION TO EXTEND EXCLUSIVITY PERIOD**

NOW COMES Seven Falls, LLC and Zeus Investments, LLC (collectively the "Debtors"), by and through counsel, pursuant to the provisions of 11 U.S.C. §§ 1121(c)(2)-(3) and (d) and Rules 9006 and 9014 of the Federal Rules of Bankruptcy Procedure, and moves the Court to extend the exclusive period within which each Debtor may file a plan of reorganization through, and including, May 24, 2010, and to extend the exclusive period within which each Debtor may solicit acceptances of a plan of reorganization through, and including, July 23, 2010. In support of this Motion, the Debtors respectfully show unto the Court as follows:

1. Each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Bankruptcy Cases") on October 26, 2009 (the "Petition Date") in the United States Bankruptcy Court for the Western District of North Carolina. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors have retained possession of their assets and are authorized to continue operation and management of their businesses.

2. Seven Falls is a limited liability company organized and existing under the laws of North Carolina with a principal place of business in Henderson County, North Carolina. Its assets consist primarily of 700 acres of developed and undeveloped real estate lots and a partially completed golf course located in Hendersonville, North Carolina.

1183987.1

3. Zeus Investments is a limited liability company organized and existing under the laws of North Carolina with a principal place of business in Henderson County, North Carolina. Its assets consist primarily of a golf academy and 9-hole practice facility adjacent to the property owned by Seven Falls in Hendersonville, North Carolina.

4. On December 23, 2009, this Court entered its *Order Authorizing Joint Administration* of the Cases.

5. This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

6. An official creditors' committee has been appointed in the Seven Falls' bankruptcy case pursuant to 11 U.S.C. § 1102.

7. Pursuant to 11 U.S.C. § 1121(c)(2), the exclusive period within which Debtors may file their respective plans of reorganization expires on February 23, 2010. Pursuant to 11 U.S.C. § 1121(c)(3), the exclusive period within which Debtors may obtain acceptances of such plans of reorganization expires on April 24, 2010.

8. For the reasons set forth below, Debtors requests an extension of the exclusivity periods under 11 U.S.C. §§ 1121(c)(2) for 90 days and under 11 U.S.C. §§ 1121(c)(3) for 120 days. If the requested extension is granted by the Court, the exclusive period for the Debtors to file their respective plans of reorganization will expire on May 24, 2010, and the exclusive period within which Debtor may obtain acceptances of such plans of reorganization will expire on July 23, 2010.

9. When determining whether to extend the exclusivity period, courts consider a variety of factors, including:

A. the size and complexity of the case;

    B.    the amount of time which has elapsed in the case;

    C.    the debtor's good faith progress towards reorganization or liquidation;

    D.    the fact that the debtor is paying its bills as they come due;

    E.    the debtor's reasonable prospects for filing a viable plan;

    F.    the debtor's progress in negotiations with creditors;

    G.    the motivations of the debtor; and

    H.    whether an unresolved contingency exists.

*In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (citing other courts which have used the same set of factors when determining whether "cause" exists for extension of the exclusivity period). "Cause" for an extension of the exclusivity period exists in this case pursuant to the factors enumerated in the *Dow Corning* case.

10.    The Debtors have been engaged in extensive discussions with its primary secured creditor, The National Bank of South Carolina ("NBSC"), to provide post-petition financing to complete the construction of the golf course and certain phases of the residential development. A detailed budget outlining the construction costs and the operating expenses of the Debtors over the next three years has been provided to NBSC who currently is reviewing the Debtors' proposal and its projections. The Debtors anticipate a response from NBSC sometime later this month. However, due to the amount of post-petition funding requested by the Debtors, bank consideration of the proposal may take some time.

11.    Further, since the filing of the bankruptcy petitions, Keith Vinson, manager of the Debtors, has individually retained Anderson Bauman Tourtellot & Vos, LLC and Neal Anderson as financial advisors. It is anticipated that if the post-petition financing from NBSC is approved, ABTV and Mr. Anderson will be retained directly by the Debtors as financial advisors pursuant

to subsequent Court Order.

12. Additionally, the Debtors have completed the golf academy, consolidated their management operations back at the Hendersonville office, implemented a revenue structure for the members and third parties for use of the golf academy and practice range this spring, continued to review various executory contracts to determine if such contracts should be assumed or rejected, begun an evaluation of the lien positions asserted by various contractors, contacted the FBI regarding potential claims against U.S.Capital and individuals related thereto, and continued to explore financing options.

13. Debtors request this extension of the exclusivity period in good faith, and Debtors submit that no creditor will be harmed by the requested extension. Debtors are generally paying their ongoing operating expenses, including utilities, as set forth in the monthly operating reports filed with this Court. Further, the administrative expenses incurred by Debtors consist primarily of professional fees, including counsel for the Debtors, and a management fee owed to Tradition, LLC, a related entity.

14. The Debtors bring this Motion before the Court in a timely manner, prior to the expiration of the exclusivity periods set forth in 11 U.S.C. § 1121(c).

WHEREFORE, Debtors respectfully requests that the Court enter an Order:

1. Extending the exclusive period pursuant to 11 U.S.C. § 1121(c)(2) within which Debtors may file their respective plans of reorganization through, and including, May 24, 2010;

2. Extending the exclusive period pursuant to 11 U.S.C. § 1121(c)(3) within which the Debtors may solicit acceptances of such plans through, and including, July 23, 2010; and

3. Granting such other and further relief as the Court deems just and proper.

This the 4th of February, 2010.

/s/ Christine L. Myatt
Christine L. Myatt
N.C. State Bar No. 10444
Attorney for Debtors

OF COUNSEL:

NEXSEN PRUET, PLLC
701 Green Valley Road, Suite 100
Post Office Box 3463
Greensboro, NC  27402
(336) 373-1600
cmyatt@nexsenpruet.com