UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Case No. 09-11182 |
| | ) | |
| SEVEN FALLS, LLC *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Jointly Administered |
| | ) | |

## THE NATIONAL BANK OF SOUTH CAROLINA'S MOTION TO JOIN THE OFFICE OF THE UNITED STATES BANKRUPTCY ADMINISTRATOR'S MOTION TO CONVERT TO CHAPTER 7

The National Bank of South Carolina ("NBSC") herewith submits this motion to join (the "Motion to Join) the Office of the United States Bankruptcy Administrator's (the "BA") Motion to Convert to Chapter 7 (the "Motion"). Pursuant to 11 U.S.C. § 1112(b), NBSC agrees with the BA that grounds exist to convert this case to a Chapter 7 and respectfully submits the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Section 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")[1].

### PROCEDURAL HISTORY

4. Each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 26, 2009 (the "Petition Date") in the United States Bankruptcy Court for the Western District of North Carolina, Asheville Division. Pursuant to Sections 1107

---

[1] Further references to sections of the Bankruptcy Code will be made by section number.

1

and 1108 of the Bankruptcy Code, the Debtors have retained possession of their assets and are authorized to continue operation and management of their businesses.

5. On December 1, 2009, the Debtors made a motion seeking procedural consolidation and joint administration of this Chapter 11 Case and Case Number 09-11183, In re Zeus Investments, LLC [Dkt. No. 50], and on December 23, 2009, this Court entered its Order Authorizing Joint Administration of the Cases [Dkt. No. 84].

6. Seven Falls, LLC ("Seven Falls") is a limited liability company organized and existing under the laws of North Carolina with a principal place of business in Henderson County, North Carolina. Its assets consist primarily of 700 acres of developed and undeveloped real estate lots and a partially completed golf course located in Hendersonville, North Carolina.

7. Zeus Investments, LLC ("Zeus") is a limited liability company organized and existing under the laws of North Carolina with a principal place of business in Henderson County, North Carolina. Its assets consist primarily of a golf academy and 9-hole practice facility adjacent to the property owned by Seven Falls in Hendersonville, North Carolina.

8. NBSC is the Debtors' primary secured creditor, holding pre-petition debt in the amount of $26,244,924.20. This debt is secured by a first priority lien in all of Zeus' real property and a first priority lien in the majority of Seven Falls' real property.

9. Although this case has been pending for nearly six months, the Debtors have been unable to secure any post-petition financing. Further, during the pendency of this proceeding, the Debtors have continued to incur significant post-petition liabilities, yet have reported no sales or other possible sources of income. While the Debtors made a Debtor-in-Possession ("DIP") loan proposal to NBSC in early February, 2010 and provided follow up responses by April 6, 2010, NBSC has declined the opportunity to be the DIP lender.

10. On April 1, 2010, the BA filed its Motion seeking to convert this case to a Chapter 7, citing, among other things, the unlikelihood that the Debtors can propose a feasible plan of reorganization, the significant accruing post-petition liabilities, and various examples of the Debtors' management's failure to comply with applicable bankruptcy provisions and North Carolina laws.

## Discussion

Upon the request of a party in interest, and after notice and a hearing, the court shall convert a bankruptcy case if cause has been shown. § 1112(b)(1). While a bankruptcy court has broad discretion in determining whether to convert a case pursuant to § 1112, it is clear that "Congress amended section 1112(b) to make it broader, more strict as to debtors, and more encompassing." In re Lumber Exch. Bldg. Ltd. P'ship, 968 F.2d 647, 48 (8th Cir. 1992); In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).

### A. Continuing Loss and the Absence of a Reasonable Likelihood of Rehabilitation

Pursuant to § 1112(b)(4)(A), "cause" exists to convert a case when there is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Therefore, section 1112(b)(4)(A) requires two prongs to establish "cause": (1) substantial or continuing loss to or diminution of the estate and (2) the absence of a reasonable likelihood of rehabilitation. Substantial or continuing loss to or diminution of the estate "can be satisfied by demonstrating that the debtor incurred continuing losses or maintained a negative cash flow position after the entry of the order for relief." In re Schriock Const. Inc., 167 B.R. 569, 575 (Bankr. D.N.D. 1994). The absence of a reasonable likelihood of rehabilitation can be shown when the debtor lacks reasonably certain sources of income. In re Continental Holdings, Inc. 170 B.R. 919, 931 (Bankr. N.D. Ohio 1994).

3

As contained in the *Debtor-In-Possession Monthly Status/Operating Reports*, the Debtors reported an ending cash position for the months of October 2009, November 2009, and January 2010 of $0.00, negative $43.59, and negative $3,065.19, respectively. See Dkt. Nos. 42, 77, and 146, respectively. For December 2009, the Debtors reported an ending cash position of $7,209.81, yet this balance is driven wholly by a refund of a lien deposit with Henderson County in the amount of $26,300.00; the Debtors reported no sales or any other accounts receivable during this period. See *Debtor-In-Possession Monthly Status/Operating Report for the month of December 2009*, Dkt. No. 123. Finally, for February 2010, the Debtors reported an ending cash position of $220.76, yet the only cash receipts reported by the Debtors were a $5,000.00 loan from Keith Vinson and a voided check in the amount of $3088.12; again, the Debtors reported no sales or any other accounts receivable during this period. See *Debtor-In-Possession Monthly Status/Operating Report for the month of February 2010*, Dkt. No. 158. Further, as of the end of February, the Debtors have accrued post-petition liabilities in the amount of $189,386.63. Id. Therefore, the Debtors continue to incur substantial losses, and but for the paltry contributions from Keith Vinson, have maintained a negative cash flow position.

Further, absent the limited funding provided by Keith Vinson (which is certainly not enough to sustain the Estate), the Debtors have no real income or sources of revenue, and at this point, are only incurring continued expenses. While the Debtors have had nearly six months to obtain post-petition financing, to date, they have yet to receive such funding. Therefore, the Debtors have no reasonable likelihood of rehabilitation.

As such, pursuant to § 1112(b)(4)(A), cause exists to convert this case to a Chapter 7.

B.  **Gross Mismanagement of the Estate**

Further, § 1112(b)(4)(B) provides that "cause" exists to convert a case due to the "gross mismanagement of the estate." While this inquiry cannot include mismanagement by the debtor prior to the bankruptcy filing, if the mismanagement continues after the petition has been filed, "[i]t is not in the best interests of creditors to allow these practices to continue." In re Gateway Access Solutions, Inc., 374 B.R. 556, 566 (Bankr. M.D. Pa. 2007). "Mismanagement may include failure by debtor's manager to comply with the requirements of the Bankruptcy Code including seeking approval for postpetition lending and borrowing." 7 COLLIER ON BANKRUPTCY ¶ 1112.04[6][b] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) (citing In re Gateway, 374 B.R. at 566).

In multiple filings within this case, NBSC has cited numerous examples of ongoing violations assessed against the Estate that have yet to be remedied.[2] In addition, the BA notes that the Debtors have obtained loans without obtaining court approval and have been making payments to Tradition, LLC for management fees without actually seeking court approval to hire Traditions as a management company. Further, the BA cites that on March 12, 2010, North Carolina's Secretary of State sent letters to the Debtors stating that both of the Debtors were not in compliance with the North Carolina Limited Liability Company Act and potentially faced being administratively dissolved if the violations were not remedied. While the Debtors have since corrected the violations with the North Carolina Limited Liability Company Act, the fact remains that the Debtors apparently would not have addressed these issues but for the BA's

---

[2] These violations include: (1) a notice of the Clean Water Act violation from the Department of the Army, Corps of Engineers; (2) seven continuing notices of violations of the Sedimentation Pollution Control Act from the Henderson County Engineering Department, Erosion Control Division; and (3) an assessment of a civil penalty for violations of Title 15A of the North Carolina Administrative Code and for violations of its stormwater general permit from the North Carolina Department of Environment and Natural Resources.

Motion. Such flagrant disregard of local, state, and federal law typifies gross management and demonstrates the requisite cause to convert the case to a Chapter 7 pursuant to § 1112(b)(4)(B).

### C. Conversion Is in the Best Interests of Creditors and the Estate

For the above-mentioned reasons, NBSC joins in the BA's Motion to convert this case from a Chapter 11 to a Chapter 7. By allowing this case to continue to languish in a Chapter 11 with Debtors that have demonstrated an inability to obtain financing and a disregard for the management of the Estate, all creditors will continue to be prejudiced by further delay. Creditors (as well as the Estate) have already been harmed by the Debtors' conduct (and lack thereof, including the maintenance concerns regarding the severe erosion and sedimentation containment issues, as well as the federal, state, and local violations that continue to remain unaddressed). Any further possession or operations by the Debtors will merely result in continued diminution to the Estate and will further diminish the value of any distribution to creditors. By converting to a Chapter 7, a Chapter 7 Trustee will be able liquidate what assets that may have equity[3] more quickly than if the Debtors are allowed to continue delaying proposing a viable plan of reorganization.

While fully supporting the BA's Motion, upon a conversion of this case from Chapter 11 to Chapter 7, NBSC intends to move for relief from the automatic stay to protect its property from the decline and deterioration that it has experienced during the pendency of this Chapter 11. In short, the property securing NBSC's lien deserves attention that it is not currently receiving.

WHEREFORE, NBSC agrees with the BA that grounds exist to convert this case from a Chapter 11 to a Chapter 7. As such, NBSC respectfully requests this Court to enter its Order granting the BA's Motion to Convert to Chapter 7, and such other and further relief as is just and proper.

---

[3] NBSC questions whether there is any equity in its collateral.

By: __/s/ George B. Cauthen__

George B. Cauthen, SC Federal Bar No. 81
SC Bar No. 001171
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
1320 Main Street, 17th Floor
Post Office Box 11070 (29211)
Columbia, SC 29201
Tel: 803-799-2000
Fax: 803-256-7500
Email: george.cauthen@nelsonmullins.com
Admitted *Pro Hac Vice*

Albert L. Sneed, Jr.
NC Bar No. 5842
**The Van Winkle Law Firm**
111 North Market Street
Asheville, NC 28801
Tel: 828-258-2991
Fax: 828-257-2767
Email: asneed@vwlawfirm.com

**Attorneys for The National Bank of South Carolina**

April 15, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO:   09-11182 |
| | CHAPTER:   11 |
| SEVEN FALLS, LLC, et al. | |
| Debtor | |

## Certificate of Service

I, the undersigned, administrative assistant, of the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for The National Bank of South Carolina hereby certifies that I have served all parties in this action with a copy of the pleading(s) hereinbelow specified by mailing a copy of the same on all parties by United States Mail, postage prepaid, to the following addresses:

Pleadings:                The National Bank of South Carolina's Motion to Join the Office of the United States Bankruptcy Administrator's Motion to Convert to Chapter 7

Parties Served:           Christine L. Myatt
                          PO Box 3463
                          Greensboro, NC 27402

                          Seven Falls, LLC
                          Zeus Investments LLC
                          998 Pleasant Grove Rd.
                          Hendersonville, NC 28739

                          U.S. Bankruptcy Administrator
                          402 W. Trade St.
                          Suite 200
                          Charlotte, NC 28202-1669

                          Robert E. Dungan
                          Alicia G. Vega
                          The Dungan Law Firm, P.A.
                          1 Rankin Ave., Third Floor
                          Asheville, NC 28801

                          Employment Security Commission
                          PO Box 26504
                          Raleigh, NC 27611

Internal Revenue Service
Special Proceedings
320 Federal Place
Greensboro, NC  27401

North Carolina Dept of Revenue
PO Box 629
Raleigh, NC  27602

Windsor Aughtry
PO Box 16449
Greenville, SC  29606

T&K Utilities
204 Charlotte Hwy., Suite G
Asheville, NC  28803

Smith Turf & Irrigation
PO Box 669388
Charlotte, NC  28266-9388

Ed Holmes & Associates
PO Box 17335
Asheville, NC  28816

Stephen R. Walker and Judy W. Walker
6 Sandy Point Rd.
Savannah, GA  31404

Taylor & Murphy Construction Co., Inc.
Attn:  James W. Johnson
Van Winkle, Buck, Wall, Starnes & Davis
PO Box 7376
Asheville, NC  28802

Taylor and Murpy Construction Co., Inc.
c/o Glenn C. Thompson
c/o Allen L. West
Hamilton Moon Stephens Steele & Martin, PLLC
201 S. College St., Suite 2020
Charlotte, NC 28244

SunTrust Leasing Corp.
Attn: Doug Furman
PO Box 79194
Baltimore, MD 21279-0194

Eddie S. Gillespie
PO Box 1104
Mount Pleasant, SC 29465

Clark & Co.
P. O. Box 1547
Franklin, NC 28744

Mill Creek Post & Beam Co.
1970 Holbert Cove Rd
Saluda, NC 28773

Landscapes Unlimited of Nebraska
c/o Derek J. Allen
Ward & Smith, PA
BB&T Bldg., Suite 1403
1 West Pack Sq.
Asheville, NC 28801

Keith Vinson
Caroline Dixon
1 Park Road
Asheville, NC 28803

William G. Lapsley & Associates
c/o Katherine J. Clayton, Esq.
Brooks Pierce McLendon Humphrey & Leonard
PO Box 1800
Raleigh, NC 27602

NC Dept of Environmental & Natural Resources
2090 U.S. Hwy 70
Swannanoa, NC 28778

ABC Supply
c/o Nan E. Hannah, Esq.
Vann & Sheridan, LLP
PO Box 2445
Raleigh, NC 27602-2445

Richard N. Roberts
c/o C. Scott Myers, Esq.
Ellis & Winters, LLP
333 N. Greene St., Suite 200
Greensboro, NC 27401

VT, Inc. as Trustee of World Omni LT and
World Omni Financial Group
c/o Christopher Lewis White
PO Box 31428
Raleigh, NC 27622

By: /s/Joan Kishline
    Joan Kishline
    Administrative Assistant to George B. Cauthen

Columbia, South Carolina
April 15, 2010